## PROVIDENCE ENGINEERING CORPORATION v. DOWNEY SHIPBUILDING CORPORATION.

## CHASE NAT. BANK OF CITY OF NEW YORK v. DOWNEY SHIPBUILDING CORPORATION et al.

(District Court, E. D. New York. October 27, 1924.)

1. Corporations ⟨key⟩478—Trust deed of corporation, covering all property, held to include claims against United States Shipping Board Emergency Fleet Corporation.

Defendant's trust deed of all property, real, personal, and mixed, presently owned or thereafter acquired, *held* to include claims against United States Shipping Board Emergency Fleet Corporation, as against receiver's contention that unsecured creditors were entitled to benefit of such claims.

2. United States ⟨key⟩52½, New, vol. 19A Key-No. Series—Assignment of claims against United States Shipping Board Emergency Fleet Corporation not forbidden.

The United States Shipping Board Emergency Fleet Corporation is an entity different and separate from the United States, and an assignment of claims against such corporation is not void under Rev. St. § 3477 (Comp. St. § 6383), forbidding assignment of unliquidated claims against the United States.

In Equity. Suits by the Providence Engineering Corporation against Downey Shipbuilding Corporation and by the Chase National Bank of the City of New York against the Downey Shipbuilding Corporation, and others. On motion of receivers of defendant Downey Shipbuilding Corporation with respect to raising funds to prosecute claims against the United States Shipping Board Emergency Fleet Corporation and others, and on motion of receivers of the Engineering Corporation seeking an adjudication that a certain mortgage should not include claims against the Fleet Corporation and others. Motions denied.

Hunter, Mead & Cheyney, of New York City, for Providence Engineering Corporation.

Cadwalader, Wickersham & Taft, of New York City (Cornelius W. Wickersham and Kenneth E. Walser, both of New York City, of counsel), for receivers.

Simpson, Thacher & Bartlett, of New York City, for Chase Nat. Bank.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Guy O. Walser, Asst. U. S. Atty., of New York City, of counsel), for United States Shipping Board Emergency Fleet Corporation.

Charles Franklin, of New York City, for Southern Pac. Co., creditor.

GARVIN, District Judge. The receivers of the defendant Downey Shipbuilding Corporation move for an order directing that secured and/or unsecured creditors of said defendant, who shall advance to said receivers the money necessary to pay the expense of prosecuting claims of said defendant and/or its receiver against the United States Shipping Board Emergency Fleet Corporation and/or the United States Shipping Board, and/or the United States shall (with the approval of the United States District Court for the District of Delaware) be entitled to the proceeds of the prosecution of said claims to the extent of the amount of such advances respectively made by them, and also (after deducting such allowances to counsel and receiver or receivers for services as may be made by the court or by the said United States District Court for the District of Delaware) to the extent of their respective claims against Downey Shipbuilding Corporation to the exclusion of other creditors of said corporation.

At the same time William A. Drewett, receiver of the complainant above named, has applied for an order adjudging that the lien of the mortgage dated December 17, 1917, executed by the Downey Shipbuilding Corporation and delivered to the Empire Trust Company as trustee, and supplemental indenture dated January 2, 1920, executed by said Downey Shipbuilding Corporation and delivered to the Chase National Bank as trustee, covering the real and personal property of said Downey Shipbuilding Corporation, does not extend to and include the claims for compensation of the Downey Shipbuilding Corporation and/or its receiver against the United States Shipping Board Emergency Fleet Corporation, and/or the United States Shipping Board, and/or the United States, for the construction of ten cargo ships by the Downey Shipbuilding Corporation for the United States Shipping Board Emergency Fleet Corporation, pursuant to the contract made by and between the Downey Shipbuilding Corporation and the United States Shipping Board, dated July 3, 1917.

The last-mentioned application will be first considered. The supplemental indenture, supra, describing the property subject to the lien, includes the following:

"Also all other property, real, personal and mixed, now owned or hereafter acquired by the corporation and wheresoever situated, including (without in any wise limiting or impairing by the enumeration of the same the scope and intent of the foregoing or of any general description contained

in this indenture) all lands, whether upland or under water, rights of way, houses, structures, buildings, improvements, fixtures, plant, machinery, engines, boilers, equipment, implements, tools, patterns, drawings and appurtenances, and any and all interest in the same, now owned by the corporation, or which it may at any time hereafter acquire, save and except only as such, steel or other materials for manufacture, consumable stores and supplies, ships or other articles in process of building or manufacture, portable or perishable tools; also all other corporations, businesses, and industries which the corporation now owns, or which it may at any time hereafter acquire, and also all the estate, right, title and interest of the corporation in and to all other corporations, businesses, and industries in which the corporation now has, or may hereafter acquire, a right, title, or interest, whether leasehold, or by operating contract, or by the acquisition of shares of stock in corporations or companies owning the businesses and industries, or the obligations of such corporations or companies, otherwise howsoever; also all franchises, rights, privileges, immunities, and exemptions of the corporation now owned by it or which it may hereafter acquire; it being the intention to include herein and to subject to the lien of this indenture every species of property, real, personal, and mixed, now owned by the corporation or which it may hereafter acquire, and whether situated in the city and county aforesaid or elsewhere, with the sole exceptions above set forth."

And also the following:

"Section 1. While not in default in the payment of the principal of, or interest on, any bond hereby secured, or in respect of any covenants, agreements, or conditions on its part in this indenture contained, and as long as any such default shall not have continued beyond the period of grace, if any, stipulated in respect thereof, the corporation (1) shall be suffered and permitted to possess, use, and enjoy all the rights and property conveyed by this indenture (other than moneys which are expressly required to be deposited with the trustee), and to receive and use the rents, issues, income, product, and profits thereof and freely to consume and use materials and supplies and deal with choses in action and contracts; (2) shall retain in its possession and control, for use by it in its discretion, with full power to sell, exchange, pay out or otherwise deal in, all securities and shares of stock of other corporations, all cash (other than cash required to be deposited with the trustee

under any provision of this indenture), bills receivable, notes receivable, accounts receivable and contracts for the construction or repair of ships or other products and all rights under the same."

[1, 2] I shall not attempt an extended discussion of these excerpts. It seems to me that by its terms the indenture must be construed to include the claims which are the subject of this application. The lien of the supplemental indenture is not invalid under section 3477 of the Revised Statutes of the United States (Comp. St. § 6383). That section reads as follows:

"Assignments of claims void, unless, etc. All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share thereof, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers, assignments, and powers of attorney, must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at the time of the acknowledgment, read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same."

It is to be observed that assignments of claims against the United States are forbidden. These are claims against the Fleet Corporation, the status of which has been fully described in an opinion written in the action at bar by the Circuit Court of Appeals for this Circuit. 294 F. 641. That corporation is quite a different entity from the United States. It is most desirable to secure a final adjudication of the rights of the parties; for several years the receivers have been carrying the real property of the Downey Shipbuilding Corporation at a heavy expense. This property should be sold, and it is hoped that by a speedy determination of the questions presented, a final determination, by prompt review, may be had and the property sold.

The application by Receiver Drewett is denied, upon the ground that the lien created by the supplemental indenture covers the

said claims against the Shipping Board, the Emergency Fleet Corporation, or the United States. In view of this determination, and for no further reason, the application of the receivers with respect to raising funds to prosecute said claims is denied.